IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVE J. MCNETT,

                Plaintiff,         Case No. 3:02 CV 7576

-vs-

HARDIN COMMUNITY FEDERAL      AMENDED
CREDIT UNION,                         MEMORANDUM OPINION

                Defendant.

KATZ, J.

This matter is before the Court on Defendant Hardin Community Federal Credit Union's ("Hardin") Motion to Dismiss (Doc. No. 60). Plaintiff has responded (Doc. No. 61), and Defendant has replied (Doc. No. 62). The Court has jurisdiction under 28 U.S.C. § 1331. For the reasons that follow, Defendant's motion is denied.

## BACKGROUND

Plaintiff sued Hardin, his former employer, in this Court in 2002, claiming he had been terminated in violation of the whistle-blower protections of the Federal Credit Union Act, 12 U.S.C. § 1790b(a)(1), and Ohio public policy. Before Hardin terminated him, Plaintiff secretly gave to an examiner from the National Credit Union Administration ("NCUA") information about Hardin's practice of improperly granting credit extensions. This Court granted summary judgment in favor of Hardin on Plaintiff's federal claim, finding that Plaintiff had not presented evidence sufficient to show that Hardin knew about Plaintiff's statutorily protected activity. (Doc. No. 49, pp. 6-7). The Court then dismissed Plaintiff's Ohio public policy claim without prejudice under 28 U.S.C. § 1367(c). *Id*. at 8.

Plaintiff appealed this Court's dismissal of the federal claim, and refiled his public policy claim in state court. The Allen County Court of Common Pleas granted summary judgment in favor of Hardin on the state claim. (Doc. No. 60, ex. C, pp. 7-8). The court found, as did this Court, that the evidence was insufficient to show that Hardin knew of Plaintiff's protected activity and that Plaintiff could therefore not prove that his termination was caused by conduct protected by Ohio public policy, a required element of his claim. *Id*. The Ohio Third District Court of Appeals affirmed the trial court's judgment, on two grounds: first, that no clear public policy protecting Plaintiff's conduct exists in Ohio; and second, that even if there was an applicable Ohio public policy, this Court's finding that there is no genuine issue of material fact as to Hardin's knowledge of Plaintiff's protected activities would preclude Plaintiff from meeting the causation element of a public policy claim. Specifically, with regard to the second ground, the court stated:

> There are no genuine issues of material fact regarding the causation element, i.e. that McNett's dismissal was motivated by conduct related to the public policy. The United States District Court found that the record was devoid of any evidence showing that anyone at Hardin Credit Union was aware of McNett's disclosures to NCUA examiners prior to his termination. . . .
>
> Since McNett did not provide any new evidence when his claim was filed in the Common Pleas Court of Allen County, the findings of the U.S. District Court with respect to the issue of Hardin Credit Union employees' knowledge is [sic] supported by the record and precludes McNett from meeting the requirement of the causation element.

(Doc. No. 60, ex. D, pp. 15-16) (internal citation to and quotation of this Court's opinion omitted). Plaintiff did not timely appeal the decision of the Ohio Court of Appeals.

Ten days after the Ohio appellate court ruled, the United States Court of Appeals for the Sixth Circuit reversed this Court's initial decision, finding that Plaintiff *could* establish a genuine issue of fact as to whether Hardin had realized that Plaintiff had engaged in statutorily protected

2

activity. (Doc. No. 60, ex. E, p. 7). The Sixth Circuit remanded the case to this Court for proceedings consistent with its ruling. *Id*. at 10.

## DISCUSSION

Defendant now moves to dismiss this case, arguing that the doctrine of collateral estoppel, or issue preclusion, bars Plaintiff from pressing his claim because the issue of Hardin's knowledge was fully and finally litigated and decided by the Ohio Third District Court of Appeals.

*A. Motion to Dismiss Standard*

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the function of the Court is to test the legal sufficiency of the complaint. In scrutinizing the complaint, the Court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984), while viewing the complaint in a light most favorable to the plaintiffs, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). The Court is without authority to dismiss the claims unless it can be demonstrated beyond a doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957); *Westlake*, *supra*, at 858. *See generally* 2 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE, § 12.34[1] (3d ed. 2004).

*B. Collateral Estoppel*

"The doctrine of collateral estoppel dictates that once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case." *NAACP, Detroit Branch v. Detroit Police Officers' Ass'n*, 821 F.2d 328, 330 (6th Cir. 1987). Prior state-court judgments can

preclude actions in federal court. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). "[W]hen asked to give preclusive effect to a prior state court judgment, a federal court must look to the law of the rendering state to determine whether and to what extent that prior judgment should receive preclusive effect in a federal action." *Id*. Under Ohio law, the prior determination of an issue bars relitigation of the same issue where: (1) the party to be estopped was a party to the former action or is in privity with such a party; (2) the prior action ended in a final judgment on the merits following a full and fair opportunity to litigate the issue; (3) the issue was necessary to the prior final judgment; and (4) the issue to be precluded is identical to the issue already determined. *See Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999) (citing *Balboa Ins. Co. v. S.S.D. Distribution Sys., Inc.*, 672 N.E.2d 718, 721 (Ohio Ct. App. 1996)).

Defendant claims all of the above elements are met with respect to the Ohio Third District Court of Appeals decision. However, while the parties in this case and the state case are identical, the issues are not. Likewise, the Ohio Court of Appeals did not reach a final judgment on the merits of the issue after a full and fair opportunity to litigate.

The issue Hardin seeks to preclude Plaintiff from relitigating is the factual issue of whether Plaintiff has produced evidence sufficient to show Hardin knew he disclosed information to the NCUA. The Ohio Court of Appeals did not determine this factual issue on its merits. Rather, it found that this Court's determination of that issue precluded Plaintiff from establishing a required element of his public policy claim. The Ohio court did not itself consider Plaintiff's evidence, nor make an independent determination of its sufficiency. Therefore, the issue Hardin seeks to preclude, i.e., whether the facts are sufficient to show knowledge, was not determined on its merits and is not identical to the issue the state court previously determined, i.e., whether preclusion

4

applies. Moreover, the preclusive effect of this Court's prior determination of the factual issue denied Plaintiff the opportunity to fully litigate it in state court.

Plaintiff and Defendant spend much time arguing about whether the issue of Hardin's knowledge was necessary to the Ohio appellate court's judgment, which rested on two findings, each alone sufficient to support its decision. However, this Court's conclusion that the identical issue was not fully litigated on its merits in the state action makes the "necessity" determination, in fact, unnecessary. The issue of Hardin's knowledge of Plaintiff's disclosure is not precluded.

Indeed, a finding by this Court that issue preclusion applies, in the rather unusual set of procedural circumstances presented by this case, would turn the "mandate rule"on its head. *Cf. United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) (explaining that the mandate rule "requires lower courts to adhere to the commands of a superior court"). Defendant would have the preclusive effect of this Court's factual determination, relied upon by an Ohio state court, trump the Sixth Circuit's reversal of that initial decision. In effect, then, this Court would overrule the Sixth Circuit, a most uncanny result.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss (Doc. No. 60) is denied.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE